Burdett v. Remington Arms Company, L.L.C. Okay, Mr. Thresher. Thank you, Your Honor. May it please the Court? Yes. This appeal first involves a determination of the proper choice of law regarding plaintiff Edward Burdett's product liability claims. Texas normally applies the most significant relationship test from Section 6 and 145 of the Restatement of Conflicts. Under this test, New York has the most significant relationship to Mr. Burdett's claims, and therefore, New York law should apply. What do you do with the Hyde case? I'm sorry? What do you do with this Court's 2007 opinion in the Hyde case? Well, Judge Smith, we feel the Court in the Hyde case, this Court in the Hyde case, ignored the effect that Section 71.031 has on an action brought in federal court. A court should only decide whether the plaintiff's established their right under the statute to proceed. We feel that Section 71.031 is not a choice of law provision, but rather it is an open court's provision. So you're saying, really, that we would have to overrule a prior panel decision, which we're not able to do unless the Court goes on bond? In part, that's correct. You're setting up a potential en banc petition? Is that what you're doing here? Yes, Judge. We just feel the language of Section 71.031 is really used to determine the standing of a plaintiff to bring an action to Texas state courts, not U.S. courts. As you know, the current version of Section 71.031 does not include the phrase, in the courts of the United States. Instead, it provides that actions originating in foreign states or countries may be enforced in the court of this state. So in contradiction to the holding and hide, we feel that the different effect of Section 71.031 has on actions brought in federal court was ignored. The determination of which actions can be brought in federal court is based on federal statutes, such as 28 U.S.C. Section 1332. In addition to that, as I was stating, we feel that the most significant relationship test is proper in this case. In conjunction with Section 71.301 being only applied to state court cases, we feel New York law should apply. New York does not have a statute imposed. And you're saying New York is the most significant relationship? I object, Your Honor. Explain to us why that is so under this record. Plaintiff's claims involve a design defect of a Remington rifle. In applying Texas' most significant relationship test from Section 6 and 145 of the restatement, New York has the most significant relationship. Going through the factors of the restatement conflicts, the place of injury no longer determines the choice of law. Place of injury is just now one of multiple factors to be considered. And more importantly, the place of injury is not an important contact when, as in this case, the place of injury is fortuitous in the fact that it's an incidental gun shooting that resulted in injury. What we feel is a more significant fact is that the place where the defendant's injury causing contact occurred. And in this case, the design and manufacture occurred in Millian, New York, where Remington has designed, manufactured, placed into the stream of commerce Model 700 rifles since the beginning of its inception. The issue of significance in this tort action is that the design, the manufacturing, the construction of the stream of commerce, and we feel that that nucleus, that is centered on Millian, New York. The other factors as considered during the restatement of the conflicts is the domicile residence in place of incorporation. Defendants are incorporated in Delaware. Their principal place of business is in North Carolina. And like I said, they design and manufacture all of these rifles in Millian, New York, which is of note Delaware, North Carolina, and North Carolina, all three of these states where Remington has availed themselves to, neither one of them have a statute of repose. Plaintiffs feel that if the defendants have chose New York, North Carolina, and Delaware, which is where all the wrongdoing in this case occurred, if they chose all these states that do not have a statute of repose, that they really have no justifiable expectation here in Texas under Texas statute of repose. The other factors, the relationship between the parties, this problem is really inapplicable in this case because the opposing parties really had no relationship prior to the accident. And then there's the Section 6 policy considerations. New York definitely has a policy interest in promoting responsibility of companies that especially in the designing, manufacturing, and distributing of products. Are the parties in agreement that, you know, we asked a question about jurisdiction because of the LLC aspect. Are the parties in agreement that that's been rectified, if you will, by the filings that have been made on that? Of course, Judge Haynes. I can only speak for myself, but we did file a joint letter. I see Mr. Jordan nodding affirmatively also. We did file a joint letter there naming all the parties as they were diverse. Okay. As I was stating, New York has a policy interest in promoting the responsibility of its own companies. And to kind of piggyback off the statute of repose, the statute of repose necessarily protects defendants. Therefore, where a defendant has availed itself of state laws where there is no statute of repose, those states' laws should govern. And as in this case, we feel it is the only in New York. There's some arguments for Delaware and North Carolina, all of which do not have statutes of repose. Remington does not have any justified expectation that they would be protected by a Texas statute of repose for a rifle they designed and manufactured in New York. There is no connection between the design and manufacturing of Model 700 rifles in Texas. And the significance at issue in this tort action, once again, between plaintiffs and defendants, is the design, manufacture, and placement in the stream of commerce. That's the significance of this case. And all of those actions, all of that conduct causing the injury, all occurred in Dillian, New York. So why didn't your client bring the case to New York? I'm sorry? Why wasn't the case brought in New York? That's a good question, Judge. I think we'd still come up with this issue here. I still think Remington would have brought up that the Texas statute of repose would apply, and we'd still be arguing, granted, in another district why the Texas statute of repose would not apply and why the choice of law would ultimately land off on New York. These cases, unfortunately, are happening all over the United States. They involve guns that are 50 years, 60 years old. Remington is looking at, unfortunately, this unfortunate, fortuitous incident that happened here in Texas to claim that Mr. Burdett's claims are time barred by the statute of repose while they are defending cases for guns or rifles that were manufactured prior to the date of Mr. Burdett's all over the nation. And once again, we don't feel that Remington's connection with Texas is one that is justifiable or one that is expected by them as all of this wrongdoing, all of this conduct, that is really, truly at the heart of this case, all occurred in New York. If you guys don't have any other questions, I'll... Yes, you saved time for about... Yes, thank you, Mr. Thresher. Mr. Jordan? May I please support? I'm Jim Jordan. I represent the athletes, Remington Arms Company, LLC, and Sporting Goods Property, Inc. And for ease of reference, I'll refer to the felon as Burdett and to both of the athletes together as Remington, if that's all right with you. This is a conflict of laws case, and it's actually a pretty straightforward conflict of laws case at this point. A federal district court exercising diversity jurisdiction must apply the conflict laws to form state. Texas has adopted the Restatement Second of Conflicts, Section 6 in 145. Restatement Section 6, Sub 1 requires a Texas court to follow a statutory directive of a Texas statute regarding choice of law. Therefore, the district court in this case was required to apply any statutory directive of the Texas legislature regarding choice of law. Mr. Thresher says that, assuming that Hyde weren't on the books, that there's nothing in the Texas statute that refers to federal courts. Well, that's an interesting point, Your Honor, because when you think about it, the Texas legislature was passing legislation for the purpose of preventing forum shopping. When a federal court sits exercising diversity jurisdiction, it is required to rule just as a state court would rule, just another state court. The Texas legislature has no authority to give jurisdiction to a federal court. It can only direct what Texas state courts must do. In this case, the legislature said, if you're going to bring a cause of action in this state for an injury that was caused by conduct in another state, you must comply with Texas' statute of repose and statute of limitations. Now, that, when you're sitting in diversity, that binds this court, too. It binds the district court. I mean, that's eerie as well as choice of law. You have no choice but to apply the rule that's imposed by the Texas legislature. Therefore, for the legislature to have talked about federal district courts would have made no sense. In an earlier version of the statute, they actually did talk about federal district courts, and they removed that. And I have to believe, I don't know this, but I have to believe the reason they removed it is they had no business having it in there in the first place. So the district court's hands were tied on this. The district court had to apply this. Now, look at the precedent we have on this. You've got the highest court of the state of Texas. So you're essentially arguing we're bound by Hyde, as was the district court, and you went on that. Even if Hyde didn't exist, we would be bound under, to apply Texas choice of law. Texas choice of law directs us to a statute. The statute says Texas. That would also, you would win. And then you also have an argument, I believe, that Lex Loci delict to or whatever, that even under considering the most significant relationship, you win. Right. Even if the court were to consider the most significant relationship, we believe it's not really a close call. And I'm happy to get to that now if you'd like or finish up on the first issue. Up to you. Whatever you want to do. Okay. I don't know how the precedent could be any stronger in favor of Remington in this case. You've got the highest court of the state of Texas that says this piece of legislation is a choice of law statute. District court's bound. You've got the Fifth Circuit, a panel of the Fifth Circuit, already saying we've looked at it, too, and it's a choice of law statute. District court is bound. There's really no discussion to be had after that point because neither the district court nor, respectfully, this panel really has anything they can do. It has to be applied the way the legislature passed it and the way the highest court of Texas interpreted it. Now, I've just got plenty of time, so I want to bring up this issue. You don't have to use it all. Yeah. In fact, I don't think I'm going to. Every time I went through this last night, I ended up about ten minutes. I'll probably beat that, but I think I'm going to give you back some time. Let me jump forward to – oh. I thought it was interesting that Burdett argued that this is really an open court's statute. Well, first of all, that doesn't really make any difference because a statute can obviously have more than one purpose. But if you look back at Owens-Corning, the Texas Supreme Court case, and if you look at Hyde, both of the plaintiffs in those cases argued the opposite. They argued that this violated the open court's provisions of the Texas Constitution. That issue was reached by the Texas Supreme Court in Owens-Corning, and they said, no, it doesn't violate the open court's provision, but by golly, it is a choice of law statute. And the Hyde court never reached the open court's issue because they just said, look, we've looked at it. The Supreme Court of Texas has looked at it. It's a choice of law statute. That's the end of the story. I'll move now to the what if. What if there were no statutory directive from the Texas legislature? What if we actually did have to apply the most significant relationship test here? Well, both of my kids are lawyers now, and when they were growing up, I used to tell them one thing about the law is when you're stuck and you can't figure out what it ought to be, the law usually makes sense. The law makes common sense. So I want to ask the panel to step back and take a common sense look at what we're really looking at here in terms of most significant relationship. Burdett argues that the most significant relationship is New York. So what do we have on that? We've got pleadings that say this rifle was designed and manufactured in New York more than 30 years ago. Fair enough. Neither of the defendants is a New York corporation. They're not incorporated there. They don't have the principal place of business there. So it's pretty much it. 30 years ago, it was manufactured and designed there. Let's talk about the relationship to Texas. Well, but manufacturing design is the alleged wrongful act, so that's pretty significant. We can't just pass that by. You're right, and I'm about to get to why it's not the most significant. Let's talk about Texas. First of all, Burdett has actually pled a Texas statute. He's pled the Texas Deceptive Trade Practices Act. So he's already put Texas law in play through an express pleading. Remington has asserted affirmative defenses that say there was no problem with design or manufacture here. There was a problem that Mr. Burdett misused the rifle at the time of the accident in the state of Texas. So Remington has asserted a factual issue that has everything to do with Texas and nothing to do with design and manufacture. Just the simple facts of it are the suit was brought in Texas. It could have been brought in New York, as the court already pointed out. It was brought in Texas. Burdett is a Texas resident, according to his own pleading. He kept the rifle exclusively in Texas for 17 years. He hunted with it exclusively in Texas for 17 years. The accident happened in Texas. The only witness was in Texas at the time of the accident. It was a Texas game warden and the medical treatment after the accident took place in Texas. So there are a lot of contacts with Texas and pleadings, including Burdett's, that put Texas law directly at issue. But there's another state involved here. Remember, Georgia's involved here too. It's interesting that Burdett is arguing for New York because there's no statute of repose there. But let's look at Georgia just for a second because, remember, what I always tell my kids, the law makes good common sense. Now, Burdett has pled Georgia law. So he's pled Texas law, DTPA. He's pled a Georgia product statute. He hasn't pled any New York law. But he's not pushing to have Georgia law apply here. You know why? Georgia has a 10-year statute of repose, so he'd be barred there too. Common sense makes us ask, well, what are we really looking at here? What's this really all about? Now, there's one other way that Burdett has put Georgia law into play. He's alleged a failure to warn is one of his causes of action. A failure to warn cause of action arises at the place where the product is sold. Burdett has pled this product was sold in Georgia. But, again, he's not pushing for application of Georgia law because Georgia has a 10-year statute of repose. So, you know, this brings me back to the original point here, which is the law almost always makes good common sense. And that's what the law is really about is to lay down good common sense rules that can be applied over and over and over. And if we look at this, even if we ever got to the most significant relationship test, which I don't think we do, but even if we did, common sense says step back. They've pled Texas law. They're not trying to push Georgia law. That one's got a statute of repose that's even worse than ours. I think you're sort of repeating yourself now, Mr. Jordan. We have all these contacts with Texas. And so I'm giving back time because I'm asking the court to please affirm the trial court's ruling. Thank you. Thank you, Mr. Jordan. Mr. Grasher, you've saved time for a vote. Thank you, Your Honors. In response to Remington's counsel and the notion that 71.031 is not a choice of law provision, choice of law involves the question of which jurisdictions of law should apply in a given case. 71.031 does not provide that the Texas limitation statutes govern or that the limitations of another state govern. Instead, the section allows an action by a resident of a foreign state or country to be pursued only if the action is begun within the time provided by both Texas law and the laws of the foreign state or country. As Remington will argue, Burdett is precluded from Texas statute of repose and Georgia statute of repose. The argument is the same for Remington here. Where they have availed themselves, the three states, as in New York, where they're incorporated in Delaware, or even where their principal place of business is in North Carolina, neither of those three states have statutes of repose. So all of the places defendant has availed themselves of do not have the protections of a statute of repose and are really not connected with the state of Texas and, once again, should not have the expectation for Texas statute of repose to apply. In brief response to the argument that the place of injury is the most significant factor in this case, Texas no longer uses the common law doctrine of lais locae delicti, which is the place of the injury determines the choice of law. No, but it's a factor under the restatement. Absolutely. It is a factor. And we will argue, once again, that the place where the conduct causing the injury to occur is a more important factor, as is cited in our brief. Our case is very similar to that of Perry. In Perry, the injury occurred in Indiana, and the plaintiff was a resident of Indiana. Other factors favored the application of Texas law. Since the silo that was at issue in that case was designed and manufactured in Texas, and the cause of action was directed at the design and manufacture of the silo, the court concluded that Texas law applied. And that is essentially what is happening in this case. The design and manufacture and the placing of the stream of commerce, this rifle, is what is at issue in this case, and that is why the place where the conduct causing the injury occurred is most significant. In conclusion, section 71.031 does not apply to actions filed in federal court. The district court should have applied the most significant relationship test adopted by Texas to determine the choice of law issues, and under that test, New York has the most significant relationship to claims, product liability claims. Therefore, this court should reverse the district court's determination that Texas Civil Practice Remedies Code 71.031 applies and reverse the district court's grant of the defendant's motion for summary judgment and remain as the case of trial. Thank you, Your Honor. Thank you, Mr. Thrasher. Your case is under submission.